**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------------------------X

John Hazlett,

                       Plaintiff(s),                          Case No. 1:25-cv-01558-JHR

           v.

Gutman, Mintz, Baker & Sonnenfeldt, LLP, 101 Quincy
LLC, and Smart Management NY Inc,

                       Defendant(s).

------------------------------------------------------------------------------X

**<u>MEMORANDUM OF LAW IN OPPOSITION TO
DEFENDANT'S MOTION TO DISMISS</u>**

Hashim Rahman, Esq.
Rahman Legal
43 West 43rd Street, Suite 204
New York, NY 10036
Tel. 212-301-7641
Fax. 212-954-5391
hrahman@rahmanlegal.com

*Attorney for the Plaintif*

## <u>TABLE OF CONTENTS</u>

**Page**

TABLE OF AUTHORITIES ........................................................................... iii

PRELIMINARY STATEMENT ...................................................................... 1

STATEMENT OF FACTS IN RESPONSE ..................................................... 2

STANDARD OF REVIEW ............................................................................. 3

ARGUMENT

    I.    HAZLETT'S WELL-PLEADED COMPLAINT SETS FORTH A PLAUSIBLE
           CLAIM UNDER NEW YORK GENERAL BUSINESS LAW § 349 ............................ 4

           a.    Gutman has Engaged in the Type of Consumer-Oriented Conduct Required
                Under GBL § 349 ........................................................................ 6

                i.    As Alleged, Gutman has Repeated its Deceptive Acts against Hazlett
                     and Others ............................................................................. 7

                ii.    Gutman's Conduct Shows a Practice and Policy that is Likely to
                    Affect Other Consumers ....................................................... 8

           b.    Gutman has Engaged in Materially Misleading Conduct as Required Under
                GBL § 349 ............................................................................... 9

    II.  HAZLETT HAS SUFFICIENTLY ALLEGED MULTIPLE VIOLATIONS OF
         THE FAIR DEBT COLLECTION PRACTICES ACT ........................................... 11

           a.    Gutman's Meritless Litigation and Related Misrepresentations Amount to
                Violations of Section 1692e of the FDCPA .................................. 11

           b.    Gutman's Baseless and Prolonged Litigation Violated Section 1692f of the
                FDCPA .................................................................................... 14

           c.    Gutman's Litigation Conduct Violated Section 1692d of the FDCPA as it
                was Abusive ............................................................................ 15

           d.    Gutman Violated Section 1692g of the FDCPA failing to
                Disclose Rights ....................................................................... 16

    III. AS AN ALTERNATIVE TO DISMISSAL, HAZLETT SHOULD BE GRANTED
         LEAVE TO AMEND THE COMPLAINT ..................................................... 17

CONCLUSION..................................................................................................................17

## <u>TABLE OF AUTHORITIES</u>

**CASES**

*58 E. 130th St. LLC v. Mouton,*
    884 N.Y.S.2d 627 (Civ. Ct. N.Y. County 2009)........................................................... 9, 12

*101 Quincy LLC v Zachary Branch,,*
    515617/2016, NYSCEF Doc. No. 30, (N.Y. Sup. Ct., Kings Cty, Sept. 6, 2016)........ 7, 12

*Aghaeepour v. N. Leasing Sys., Inc.,*
    No. 14 CV 5449 (NSR), 2016 WL 828130 (S.D.N.Y. Feb. 25, 2016) ........................... 5, 6

*Arias v. Gutman, Mintz, Baker & Sonnenfeldt LLP,*
    875 F.3d 128 (2d Cir. 2017)............................................................... 7, 11, 13, 14

*Ashcroft v. Iqbal,*
    556 U.S. 662 (2009)......................................................................................... 4

*Avila v. Riexinger & Associates, LLC,*
    817 F.3d 72 (2d Cir. 2016)................................................................................ 13

*Baker v. Burlington Coat Factory Warehouse,*
    175 Misc. 2d 951 (Yonkers City Ct., Westchester Cnty. 1998) ......................... 5

*Beattie v. D.M. Collections, Inc.,*
    754 F. Supp. 383 (D. Del. 1991) ...................................................................... 11

*Bell Atl. Corp. v. Twombly,*
    *550 U.S. 544 (2007)* ......................................................................................... 4

*Cameron v. LR Credit 22, LLC,*
    998 F. Supp. 2d 293 (S.D.N.Y. 2014)............................................................... 11

*Castillo v. Balsamo Rosenblatt & Cohen, PC,*
    33 Misc. 3d 700, 930 N.Y.S.2d 789 (Civ. Ct., Kings Cty, June 30, 2011)...................... 15

*Chambers v. Time Warner, Inc.,*
    282 F.3d 147 (2d Cir. 2002)............................................................................. 4

*Clayton v. Katz,*
    No. 10 CIV. 5755 ALC, 2012 WL 4378035 (S.D.N.Y. Sept. 25, 2012) ........................... 6

*Crespo v. Gutman, Mintz, Baker & Sonnenfeldt, LLP,*
    No. 22-CV-6599 (JPO), 2025 WL 871637 (S.D.N.Y. Mar. 20, 2025)............................... 7

*Curto v. Palisades Collection, LLC,*
No. 07-CV-529 S, 2011 WL 5196708 (W.D.N.Y. Oct. 31, 2011) .................................... 15

*Finch v. Slochowsky & Slochowsky, LLP,*
No. 19-CV-6273 (RPK), 2020 WL 5848616 (E.D.N.Y. Sept. 30, 2020) .......................... 6

*Foman v. Davis,*
371 U.S. 178 (1962) .................................................................................................... 17

*Griffin-Amiel v. Terris Orchestras,*
178 Misc. 2d 71 (Yonkers City Ct., Westchester Cnty. 1998) ........................................... 5

*Guzman v. Mel S. Harris & Assocs., LLC,*
No. 16 CIV. 3499 (GBD), 2018 WL 1665252 (S.D.N.Y. Mar. 22, 2018) ................... 5, 13

*Heintz v. Jenkins,*
514 U.S. 291 (1995) .................................................................................................... 11

*Hunter v. Palisades Acquisition XVI, LLC,*
No. 16 CIV. 8779 (ER), 2017 WL 5513636 (S.D.N.Y. Nov. 16, 2017) ........................... 5

*Iacovo v. Magguilli,*
No. 24-CV-04372 (NCM) (ARL), 2025 WL 1135471
(E.D.N.Y. Apr. 17, 2025)………………………………………………….…..12, 14, 15

*In re Bridge Assocs. of Soho, Inc.,*
589 B.R. 512 (Bankr. E.D.N.Y. 2018), aff'd, 779 F. App'x 827 (2d Cir. 2019) .............. 12

*Jacobson v. Healthcare Fin. Servs., Inc.,*
516 F.3d 85, 89 (2d Cir.2008) ........................................................................................ 16

*Levy v. L. Offs. of J. Henry Nierman,*
No. 17-CV-4022 (NSR), 2022 WL 17542418 (S.D.N.Y. Dec. 8, 2022) ........................... 9

*Lotes Co. v. Hon Hai Precision Indus. Co.,*
753 F.3d 395 (2d Cir. 2014) ............................................................................................ 4

*Matson v. Bd. of Educ. of City Sch. Dist. of N.Y.,*
631 F.3d 57 (2d Cir. 2011) .............................................................................................. 4

*Mayfield v. Asta Funding, Inc.,*
95 F. Supp. 3d 685 (S.D.N.Y. 2015) ................................................................................ 7

*Morales v. Kavulich & Assocs., P.C.,*
294 F. Supp. 3d 193 (S.D.N.Y. 2018) .............................................................................. 9

*New York v. Feldman,*
    210 F. Supp. 2d 294 (S.D.N.Y. 2002)....................................................................... 6

*Nick's Garage, Inc. v. Progressive Cas. Ins. Co.,*
    875 F.3d 107 (2d Cir. 2017)..................................................................................... 9

*Northern Assurance Co. of America v. Square D Co.,*
    201 F.3d 84, 87 (2d Cir. 2000)............................................................................... 17

*Oswego Laborers' Loc. 214 Pension Fund v. Marine Midland Bank,*
    N.A., 85 N.Y.2d 20, 647 N.E.2d 741 (1995) ........................................................... 6

*Perez v. Hempstead Motor Sales,*
    173 Misc. 2d 710 (Nassau Cnty. Dist. Ct. 1997), aff'd 176 Misc. 2d 314 (App. Term 2d
    Dep't, 9th & 10th Dists. 1998)................................................................................. 5

*Pettitt v. Chiari & Ilecki, LLP,*
    No. 1:17-cv-00640 (W.D.N.Y. Jul 9, 2018) ........................................................... 9

*Remler v. Cona Elder L., PLLC,*
    No. 21CV5176ARRLB, 2022 WL 4586243 (E.D.N.Y. Sept. 29, 2022)................... 14

*Samms v. Abrams, Fensterman, Fensterman, Eisman, Formato, Ferrara & Wolf, LLP,*
    163 F. Supp. 3d 109 (S.D.N.Y. 2016).................................................................... 10

*Spagnola v. Chubb Corp.,*
    574 F.3d 64 (2d Cir. 2009)....................................................................................... 9

*Sykes v. Mel Harris & Assocs., LLC,*
    757 F. Supp. 2d 413 (S.D.N.Y. 2010)........................................................... 4, 13, 15

*Torres v. Gutman, Mintz, Baker & Sonnenfeldt P.C.,*
    No. 17CV4109KAMCLP, 2018 WL 1545687 (E.D.N.Y. Mar. 29, 2018)................... 7, 8

*Villalba v. Houslanger & Assocs., PLLC,*
    No. 19CV4270PKCRLM, 2022 WL 900538 (E.D.N.Y. Mar. 28, 2022) ................... 14

*White v. Fein, Such & Crane, LLP,*
    No. 15–CV–438–JTC, 2015 WL 6455142 (W.D.N.Y. Oct. 26, 2015) ................... 6, 9

*Winslow v. Forster & Garbus, LLP,*
    No. CV 15-2996 (AYS), 2017 WL 6375744 (E.D.N.Y. Dec. 13, 2017)................... 10

**LEGISLATIVE MATERIAL**

New York Department of Law, Mem. to Governor, 1963 N.Y. Legis Ann .................................. 5

**STATUTES**

15 U.S.C. § 1692d .................................................................................................... 15-16

15 U.S.C. § 1692e .................................................................................................... 11-13

15 U.S.C. § 1692e(2) ............................................................................................... 11-13

15 U.S.C. § 1692e(5) ............................................................................................... 11-12

15 U.S.C. § 1692e(10) ................................................................................................. 11

15 U.S.C. § 1692e(11) ........................................................................................ 11, 13-14

15 U.S.C. § 1692f .................................................................................................... 14-15

15 U.S.C. § 1692f(1) ............................................................................................... 14-15

15 U.S.C. § 1692g ....................................................................................................... 16

15 U.S.C. § 1692g(a) .................................................................................................. 16

15 U.S.C. § 1692g(b) .................................................................................................. 16

Federal Rule of Civil Procedure 15(a) ........................................................................ 17

New York General Business Law § 349 ................................................................. 1, 4-10

New York Multiple Dwelling Law § 301 ................................................................ 12, 15

New York Multiple Dwelling Law § 302 ................................................................ 12, 15

## PRELIMINARY STATEMENT

Plaintiff John Hazlett brings the present action against Defendant Gutman, Mintz, Baker & Sonnenfeldt, LLP ("Gutman") for engaging in false, deceptive, and abusive tactics in its effort to collect an invalid debt. As alleged, the debt stems from the rental of an illegally-converted cellar apartment at a premises that lacked a certificate of occupancy. The illegal-conversion, caused by the landlord and unknown to Mr. Hazlett when he moved in, violated building codes and caused a severe threat to the public. On account of having no certificate of occupancy, the landlord was barred from collecting rent under the New York Multiple Dwellings Law.

Approximately five years after Mr. Hazlett moved out of the apartment, Gutman commenced a lawsuit against him by filing a verified petition with questionable information. As alleged, Gutman knew or had reason to know that the landlord was barred from collecting rent against Mr. Hazlett on account of the illegality of the unit. Mr. Hazlett also provided Gutman with proof of the illegality of the unit at the very beginning of the lawsuit. Despite this, Gutman dragged the lawsuit on and forced Mr. Hazlett to appear for at least four conferences before discontinuing the action a year later. Gutman had no reason to commence the action; it had no reason to continue the action for a year; and it had no reason to ignore Mr. Harzlett's multiple letters indicating that the debt was invalid.

In this action, the Plaintiff asserts that Gutman's conduct amounted to violations of New York General Business Law ("GBL") § 349, which prohibits deceptive acts and practices against consumers. The Plaintiff also contends Gutman violated the Fair Debt Collection Practices Act ("FDCPA"), which prohibits deceptive, unfair, and abusive conduct by debt collectors. Gutman moves to dismiss the complaint, claiming that the conduct alleged by Mr. Hazlett does not amount to violations of GBL § 349 because it is not consumer oriented or material. Gutman also

1

moves to dismiss Mr. Hazlett's FDCPA claims, arguing that the conduct does not fall within the ambit of the statute. For the reasons herein, the Plaintiff disagrees and urges the Court to deny Gutman's motion in its entirety.

### STATEMENT OF FACTS IN RESPONSE

In or about December of 2017, Plaintiff John Hazlett moved into an apartment located at 101 Quincy Street in Brooklyn. (Am. Compl. ¶ 3, April 9, 2025, ECF Doc. # 9.) Months later, in October of 2018, Mr. Hazlett received a copy of a commissioner's order from the New York City Department of Buildings ("DOB"). (*Id.* ¶¶ 14-15.) The DOB order asserted that the building he was living in contained illegal cellar units and violated various construction codes. (*Id.*) Mr. Hazlett was surprised and concerned by the order; he felt that he was tricked into renting the apartment; he stopped paying rent; and he began to look for another place. (*Id.* ¶¶ 15-17.) He moved out in April of 2019. (*Id.*)

Nearly five years later, Defendant Gutman, Mintz, Baker & Sonnenfeldt, LLP ("Gutman") commenced a lawsuit against Mr. Hazlett for rental arrears. (*Id.* ¶ 22.) Gutman commenced the action by filing a "Verified Complaint" signed by one of its attorneys. (Novikoff Aff., Ex. A, ECF Doc. # 17-1.) As per the said petition, Gutman asserted that Mr. Hazlett owed 101 Quincy Street LLC $2,411.60 rental arrears plus $625 in attorneys' fees pursuant to a breached "lease agreement." (*Id.*)

The complaint did not attach or annex any document setting forth the basis of the claims. (*See id.*) The affidavit from a managing agent of the landlord, described in the Defendant's present motion (*see* Novikoff Aff. ¶ 2), was submitted more than seven months after the lawsuit was commenced by Gutman (*see id.*, Ex. A). The affidavit of the agent merely listed the claimed rental arrears. (*Id.*)

Promptly after receiving the complaint in February of 2024, Mr. Hazlett sent Gutman a letter stating that he did not owe the rental arrears because the apartment at issue was an illegally-converted unit. (Am. Compl. ¶ 26.) Mr. Hazlett attached to his letter a DOB summons and order as well as a transaction ledger. (*Id.*) A month later, in March of 2024, Mr. Hazlett sent Gutman another letter. (*Id.* ¶ 27.) To this letter, Mr. Hazlett attached an administrative decision which determined that the landlord committed a "class 1 immediately hazardous violation" that posed a "severe threat [to] safety, property and the public interest." (*Id.*) In both letters, Mr. Hazlett asked Gutman to discontinue the action based on the information he provided. (*Id.* ¶¶ 26-27.)

On July 29, 2024, the state court issued a discovery order directing the parties to provide each other with documents and evidence supporting their positions. (Rahman Aff., Ex. A.) In response to this order, Gutman provided documents showing that it was in possession of Mr. Hazlett's February and March letters and the attached DOB orders. (*See* Rahman Aff., Ex. B.)

In response to the discovery order, Gutman also produced a lease agreement and a tenant ledger. (*Id.*) The lease agreement contained markings, cross-outs, and the names of at least eight individuals described to be tenants. (*Id.*) The lease also contained a start date of August 26, 2027, which preceded the date Mr. Hazlett moved in. (*Id.*; Am. Compl. ¶ 13.) Furthermore, the tenant ledger provided by Gutman did not add up to or justify the amounts of its verified petition. (Am. Compl. ¶ 24.)

In January of 2025, more than a year after filing the case, Gutman discontinued the action against Mr. Hazlett. (Novikoff Aff., Ex. C.) Gutman claims that it discontinued the action "[w]hen it became clear that Hazlett had a potential complete 'legal' defense . . ." (Def.'s Mem. of Law at 9.) However, Gutman was in possession of the DOB violation notices and related

documents since at least February of 2024.  (*See* Rahman Aff., Ex. B.)  Gutman also had notice of the potential illegality of the units at the premises through a 2016 case.  (*See* Am. Compl. ¶ 30.)  It nonetheless proceeded on the case against Mr. Hazlett, through at least four court conferences, before discontinuing it in 2025.   (*See* Rahman Aff., Ex. C.)

## STANDARD OF REVIEW

When deciding motions to dismiss, district courts must accept all factual claims in the complaint as true, and draw all reasonable inferences in the plaintiff's favor.  *Lotes Co. v. Hon Hai Precision Indus. Co.*, 753 F.3d 395, 403 (2d Cir. 2014).  To avoid dismissal, a plaintiff need only state "a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *see also Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim is plausible when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Matson v. Bd. of Educ. of City Sch. Dist. of N.Y.,* 631 F.3d 57, 63 (2d Cir. 2011) (quoting *Iqbal,* 556 U.S. at 678).  Furthermore, in deciding such motions, a court may consider documents that are integral to the complaint. *Chambers v. Time Warner, Inc*., 282 F.3d 147, 153 (2d Cir. 2002).  The Plaintiff contends that this standard has been met, and the documents attached to the response should be considered.

## ARGUMENT

### I.    HAZLETT'S WELL-PLEADED COMPLAINT SETS FORTH PLAUSIBLE CLAIMS UNDER NEW YORK GENERAL BUSINESS LAW § 349

New York General Business Law ("GBL") § 349 proscribes "[d]eceptive acts or practices in the conduct of any business, trade or commerce or in the furnishing of any service in this state."  The statute, which on its face pertains to virtually all economic activity,  has been applied to a broad range of businesses including law firms.  *See Sykes v. Mel Harris & Assocs., LLC*, 757 F. Supp. 2d 413, 428 (S.D.N.Y. 2010) (applying GBL § 349 to a law firm, a debt buyer, and a

process server); *Perez v. Hempstead Motor Sales*, 173 Misc. 2d 710 (Nassau Cnty. Dist. Ct. 1997), *aff'd* 176 Misc. 2d 314 (App. Term 2d Dep't, 9th & 10th Dists. 1998) (applying GBL § 349 to an automobile dealership); *Baker v. Burlington Coat Factory Warehouse*, 175 Misc. 2d 951 (Yonkers City Ct., Westchester Cnty. 1998) (applying to a clothing retailer); *Griffin-Amiel v. Terris Orchestras*, 178 Misc. 2d 71 (Yonkers City Ct., Westchester Cnty. 1998) (applying the statute to a wedding singer). The broad reach of this statute "provide[s] needed authority to cope with the numerous, ever-changing types of false and deceptive business practices which plague consumers in our State." N.Y. Dept of Law, Mem. to Governor, 1963 N.Y. Legis Ann, at 105.

In context of debt collection, GBL § 349 has been held to apply to companies that litigate against consumers in a deceitful and abusive manner. *See Aghaeepour v. N. Leasing Sys., Inc.*, No. 14 CV 5449 (NSR), 2015 WL 7758894, at *14 (S.D.N.Y. Dec. 1, 2015), *order corrected on denial of reconsideration*, No. 14 CV 5449 (NSR), 2016 WL 828130 (S.D.N.Y. Feb. 25, 2016) (where the court denied a motion to dismiss a § 349 claim premised on defendant's "misusing the court system" to routinely make "false and baseless statements" in litigation); *Guzman v. Mel S. Harris & Assocs.*, LLC, No. 16 CIV. 3499 (GBD), 2018 WL 1665252, at *12 (S.D.N.Y. Mar. 22, 2018) (holding that false lawsuit affidavits plausibly violates GBL § 349); *Hunter v. Palisades Acquisition XVI, LLC*, No. 16 CIV. 8779 (ER), 2017 WL 5513636, at *8 (S.D.N.Y. Nov. 16, 2017) (holding that obtaining judgements through sewer service constitute plausible violations of GBL § 349).

For the present case, Mr. Hazlett has alleged the type of deceitful and abusive litigation conduct against Gutman that falls squarely within the broad protections of GBL § 349. As alleged, Gutman commenced a meritless lawsuit against Mr. Hazlett; Gutman dragged the proceeding on for more than a year despite being in possession of information showing the

lawsuit had no basis; and Gutman made statements regarding arrears in its verified pleading that were not even supported by the referenced lease and tenant ledger. (Am. Compl. ¶¶ 23-40; Rahman Aff., Ex. B.) As alleged, Gutman had ample reason to know that there was no basis for the claims against the Plaintiff and yet it persisted. (*Id.* ¶ 30.) GBL § 349 applies to the conduct alleged against Gutman and the Plaintiff has set forth a plausible claim.

### a.  Gutman has Engaged in the Type of Consumer-Oriented Conduct Required Under GBL § 349

To be liable under GBL § 349, courts have determined that the conduct alleged must be consumer oriented. *Oswego Laborers' Loc. 214 Pension Fund v. Marine Midland Bank, N.A.*, 85 N.Y.2d 20, 25 (1995); *Clayton v. Katz*, No. 10 CIV. 5755 ALC, 2012 WL 4378035, at *5 (S.D.N.Y. Sept. 25, 2012). Nonetheless, the consumer-oriented conduct requirement has been construed liberally. *Aghaeepour*, 2015 WL 7758894, at *14. Repeated acts of deception to a broad group of individuals can show consumer-oriented conduct. *New York v. Feldman*, 210 F. Supp. 2d 294, 300 (S.D.N.Y. 2002) However, "Consumer-oriented conduct does not require a repetition or pattern of deceptive behavior." *Oswego*, 85 N.Y.2d at 25

To establish consumer-oriented conduct, a plaintiff need not allege other instances of misconduct; and a plaintiff need not wait until others are harmed. *Id.* Rather, a plaintiff must only "demonstrate that the acts or practices have a broader impact on consumers at large." *Id.* Importantly, consumer-oriented conduct can be shown when a company's actions occurring *via* "established practices and policies" are likely to affect other consumers. *White v. Fein, Such & Crane, LLP*, No. 15-CV-438-JTC, 2015 WL 6455142, at *6 (W.D.N.Y. Oct. 26, 2015). Furthermore, deceptive conduct can be deemed consumer-oriented and harmful to the public when "consumers are forced to respond to . . . fraudulent lawsuits or else face the penalty of

wrongful default judgments, garnished wages, restrained bank accounts and impaired credit opportunities." *Mayfield v. Asta Funding, Inc.,* 95 F. Supp. 3d 685, 700 (S.D.N.Y. 2015)

### i.  As Alleged, Gutman has Repeated its Deceptive Acts against Hazlett and Other Consumers

In the present case, Mr. Hazlett has alleged that Gutman engaged in repeated, deceptive acts on a broad group of individuals (i.e. tenants and others alleged to owe a debt).  Mr. Hazlett alleged that Gutman "attempted to collect rental arears from other tenants who were placed in illegal units by the landlord." (Am. Compl. ¶ 30.)  Mr. Hazlett also alleged that Gutman "knew or had ample reason to know that the landlord engaged in a routine of suing or attempting to collect rental arrears from tenants despite the illegality of the units."  (*Id.*)  The complaint also references to a 2016 case where Gutman attempted to collect rears areas from another tenant who asserted that the apartment was not legal.  (*Id.*; *101 Quincy LLC v Zachary Branch*, 515617/2016, NYSCEF Doc. No. 30, (N.Y. Sup. Ct., Kings Cty, Sept. 6, 2016).)

In addition to these assertions of repeated conduct, court decisions show that Gutman has a history of deceptive acts against tenants and individuals accused of owing a debt.  *See Torres v. Gutman, Mintz, Baker & Sonnenfeldt P.C.*, No. 17CV4109KAMCLP, 2018 WL 1545687, at *3 (E.D.N.Y. Mar. 29, 2018) (holding that Gutman's alleged misleading, deceptive, and abusive debt collection practices were plausible violations of GBL § 349 and the FDCPA);  *Crespo v. Gutman, Mintz, Baker & Sonnenfeldt, LLP,* No. 22-CV-6599 (JPO), 2025 WL 871637, at *6 (S.D.N.Y. Mar. 20, 2025) (holding that Gutman's alleged deceptive and misleading representations regarding a judgment for were actionable under the FDPCA); *Arias v. Gutman, Mintz, Baker & Sonnenfeldt LLP*, 875 F.3d 128, 135-138 (2d Cir. 2017) (holding Gutman's allegedly false representations in a state court affirmation were actionable as a deceptive conduct prohibited by the FDCPA).

In *Torres*, Gutman was alleged to have commenced multiple housing court actions in which rental debt was mischaracterized. *Torres*, 2018 WL 1545687, at *1. In one of the actions, as asserted, Gutman continued to litigate for five months even after being provided a government document showing that the plaintiff did not owe what was claimed. *Id.* The court held that the plaintiff set forth plausible claims under GBL § 349 on account of Gutman's repeated instances of deceptive rent collection practices. *Id.* at 3.

Like *Torres*, in the present case Gutman was also provided a government document (i.e. the DOB documents) but nonetheless chose to drag the lawsuit on before withdrawing it. (Am. Compl. ¶¶ 26-29.) Like *Torres*, Mr. Hazlett has also alleged multiple acts of deceptive conduct against Gutman (i.e. a meritless lawsuit, continuing the litigation despite possession exculpatory information, filing a verified petition with false statements, commencing a similar meritless action against another tenant in an illegal unit, etc.). (*Id.* ¶¶ 21-23; Rahman Aff., Ex. B.) Gutman's repeated acts of deception on Mr. Hazlett, the prior tenant Zachary Branch (Am. Compl. ¶ 30), "other tenants who were placed in illegal units" (*id.*), and the other plaintiffs in the above-stated cases show that Gutman engages conduct that has a broad impact on the public at large and is thus consumer oriented.

### ii. Gutman's Conduct Shows a Practice and Policy that is Likely to Affect Other Consumers

Gutman's conduct is also consumer oriented because it evinces a practice and policy of filing lawsuits against consumers with no meaningful review. As alleged in the present case, Gutman commenced an action against Mr. Hazlett over a unit that had no valid certificate of occupancy. (*Id.* ¶ 14.) For residential units in New York, an action to collect rent during any period in which there was no valid certificate of occupancy is barred. *In re Bridge Assocs. of Soho, Inc.*, 589 B.R. 512, 516 (Bankr. E.D.N.Y. 2018), *aff'd*, 779 F. App'x 827 (2d Cir. 2019); *58*

*E. 130th St. LLC v. Mouton*, 884 N.Y.S.2d 627, 629 (Civ. Ct. N.Y. County 2009); N.Y. Mult. Dwell. Law §§ 301, 302.  Given this, checking for a valid certificate of occupancy seems as basic and necessary as checking on whether a suit is time barred.  If Gutman routinely makes no check of this, or if it simply ignores this – either one of which is plausible given the facts alleged – it is likely engaging in "practices and policies" likely to affect other consumers.  *See White*, 2015 WL 6455142, at *6.

Unlike *Pettitt v. Chiari & Ilecki, LLP*, No. 1:17-cv-00640 (W.D.N.Y. Jul 9, 2018), cited by the Defendant, the Plaintiff does not merely contend that Gutman's conduct is consumer oriented because it operates a volume practice with lax procedures.  Rather, the Plaintiff contends that Gutman has disregarded a check so basic in this case – and even disregarded it over and over again when presented with DOB documents – that it likely has a practice of filing lawsuits without determining whether they have merit.  Furthermore, unlike *Levy v. L. Offs. of J. Henry Nierman,* No. 17-CV-4022 (NSR), 2022 WL 17542418, at *11 (S.D.N.Y. Dec. 8, 2022), also cited by the Defendant, Gutman has not presented any affidavits indicating that what occurred was a "one-time error" that should never have happened.

### b.  Gutman has Engaged in Materially Misleading Conduct as Required Under GBL § 349

Whether an act is materially misleading as required under GBL § 349 is defined objectively and looks to whether the act is likely to mislead a reasonable consumer acting reasonably under the circumstances. *Spagnola v. Chubb Corp.*, 574 F.3d 64, 74 (2d Cir. 2009). Given that this standard is objective, the plaintiff need not show reliance on the deception. *See Nick's Garage, Inc. v. Progressive Cas. Ins. Co.*, 875 F.3d 107, 124 (2d Cir. 2017).  As court rulings show, misleading litigation conduct is often deemed to be material as a reasonable consumer is likely to be misled by statements in court documents.  *See Morales v. Kavulich &*

*Assocs.*, P.C., 294 F. Supp. 3d 193, 198 (S.D.N.Y. 2018) (holding that a reasonable consumer reading an information subpoena and a restraint notice is likely to be misled into believing that a judgment exists); *Winslow v. Forster & Garbus, LLP*, No. CV 15-2996 (AYS), 2017 WL 6375744, at *13 (E.D.N.Y. Dec. 13, 2017) (holding that statements made in complaints as to a party's original creditor status were materially misleading as they have the potential to mislead the debtor as to the nature of the debt sought); *Samms v. Abrams, Fensterman, Fensterman, Eisman, Formato, Ferrara & Wolf*, LLP, 163 F. Supp. 3d 109, 116 (S.D.N.Y. 2016) (holding that a reasonable consumer reading the collection firm's request for attorneys' fees in lawsuit documents would likely be misled into believing that there was some basis for the request).

In the present case, Gutman commenced an action claiming that Mr. Hazlett owed rental arrears; it filed a verified petition claiming that a specific amount was owed based on a lease; and its petition claimed that attorneys' fees were owed based on a lease. (Am. Compl. ¶¶ 22-25.) Mr. Hazlett has asserted that none of this was true. Viewed from an objective standpoint, a reasonable consumer acting reasonably is likely to have been misled by the lawsuit and the petition. Given the weight and import of a lawsuit, a reasonable consumer would likely believe that a legal action and the statements contained in a pleading have merit. Gutman's argument that Mr. Hazlett was not actually deceived is irrelevant because the materiality of misleading statements is assessed through an objective standard. *See Nick's Garage, Inc.*, 875 F.3d at 124. For the foregoing reasons, the Plaintiff contends that Gutman has engaged in deceptive, materially misleading, consumer-oriented conduct and the claims under GBL § 349 should not be dismissed.

## II    HAZLETT HAS SUFFICIENTLY ALLEGED MULTIPLE VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

The Fair Debt Collection Practices Act ("FDCPA") was enacted to eliminate abusive debt collection practices by debt collectors.  *See* 15 U.S.C. § 1692(e).  It is a "strict liability statute" under which a "plaintiff does not need to show intentional conduct on the part of the debt collector."  *Arias*, 875 F.3d at 134.  The statute applies to law firms who regularly engage in debt collection litigation.  *Heintz v. Jenkins*, 514 U.S. 291, 299 (1995).

### a.    Gutman's Meritless Litigation and Related Misrepresentations Amount to Violations of Section 1692e of the FDCPA

Under Section 1692e of the FDCPA, debt collectors are prohibited from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. § 1692e.  Section 1692e of the FDCPA sets out a non-exhaustive list of prohibited conduct.  *See id.* §§ 1692e(1)-e(10).  The list includes Section 1692e(5), which prohibits threatening to take an action that cannot legally be taken, Section 1692e(2), which prohibits the making of false representations of the character, amount, or legal status of a debt, Section 1692e(10), which prohibits using a false or deceptive means to collect a debt, and 1692e(11), which requires collectors to state they are attempting to collect a debt in certain written communications.  *Id.*  Conduct alleged to run afoul of each of these sections has been asserted by the Plaintiff.  (*See* Am. Compl. ¶¶ 44-48.)

Courts in this circuit and others have held that the filing or threatening of a lawsuit that is unwinnable due to a legal bar constitutes a violation of Section 1692e of the FDCPA.  *See Cameron v. LR Credit 22, LLC*, 998 F. Supp. 2d 293, 300 (S.D.N.Y. 2014) (holding that the filing of a time-barred complaint violated 1692e); *Beattie v. D.M. Collections, Inc.*, 754 F. Supp. 383, 393 (D. Del. 1991) (holding, in context of a claim under 1692e(5), that the "threatening of a

lawsuit which the debt collector knows or should know is unavailable or unwinnable by reason of a legal bar such as the statute of limitations is the kind of abusive practice the FDCPA was intended to eliminate"); *Iacovo v. Magguilli*, No. 24-CV-04372 (NCM) (ARL), 2025 WL 1135471, at *10 (E.D.N.Y. Apr. 17, 2025) (holding that a lawsuit based on a contract that did not bind the plaintiff plausibly violated 1692e). Such decisions are squarely in line with the text of Sections 1692e and 1692e(5) of the FDCPA, both of which prohibit false, deceptive, and misleading conduct in the form of actions that cannot legally be taken.

In the case at bar, Gutman violated Sections 1692e and 1692e(5) of the FDCPA by commencing and continuing an action that was legally barred. As noted above, an action to collect residential rent during any period in which there was no valid certificate of occupancy is barred. *In re Bridge Assocs. of Soho, Inc.*, 589 B.R. 512, 516 (Bankr. E.D.N.Y. 2018), *aff'd*, 779 F. App'x 827 (2d Cir. 2019); *58 E. 130th St. LLC*, 884 N.Y.S.2d at 629; N.Y. Mult. Dwell. Law §§ 301, 302. As alleged, Gutman commenced the action against Mr. Hazlett while knowing or having ample reason to know it was barred. (Am. Compl. ¶ 30; *see also*, *see also, 101 Quincy LLC v Zachary Branch*, 515617/2016, NYSCEF Doc. No. 30, (N.Y. Sup. Ct., Kings Cty, Sept. 6, 2016).) Furthermore, Gutman continued the action against Mr. Hazlett for more than a year – forcing him to go to one conference after another – despite being in possession of DOB documents showing the action was barred. (*See* Rahman Aff., Ex.'s B, C.) Such actions constitute violations of Sections 1692e and 1692e(5) of the FDCPA and the claims should not be dismissed.

The Plaintiff additionally contends that Gutman made false, deceptive, and misleading representations in violation of Sections 1692e and 1692e(2) of the FDCPA. A representation is deemed deceptive or misleading if it is open to more than one interpretation, at least one of

12

which is accurate. *Arias,* 875 F.3d at 135; See Avila v. Riexinger & Associates, LLC, 817 F.3d 72, 75 (2d Cir. 2016). Such representations are assessed through an objective, least sophisticated consumer standard. *See Arias,* 875 F.3d at 135. In *Sykes v. Mel Harris & Assocs., LLC,* the court held that filing an action "supported by affidavits that contained false and deceptive representations about the status and character of the debt" plausibly violated Sections 1692e and 1692e(2) of the FDCPA. 757 F. Supp. 2d at 424. In *Guzman v. Mel S. Harris & Assocs., LLC,* the court held that the plaintiff's allegation that affidavits of merit contained false information set forth a plausible violation of 1692e. 2018 WL 1665252, at *12.

As asserted, Gutman's verified petition – with claims for arrears and attorneys' fees – was not supported by the lease agreement or the tenant ledger presented during discovery. (Am. Compl. ¶¶ 23-25; *see also*, Rahman Aff., Ex. B.) Even if the action itself was not barred, the fact that the petition was not supported by the lease and the tenant ledger means that the representations therein were likely false. If not false, the representations were at best deceptive and misleading as they were contradicted by other documents. For these and other reasons, the Plaintiff has set forth violations of Sections 1692e and 1692e(2).

The Plaintiff has also sufficiently set forth a violation of Section 1692e(11) of the FDCPA. Gutman has not challenged assertions under the said subsection or any other subsections of 1692e of the FDCPA. As alleged, Gutman violated Section 1692e(11) "by failing to make required disclosures in initial and subsequent communications." (Am. Compl. ¶ 48.) Section 1692e(11) of the FDCPA requires initial communications to state that "the debt collector is attempting to collect a debt and that any information obtained will be used for that purpose" and subsequent communications to state that "the communication is from a debt collector." 15 U.C.S. 1692e(11). As asserted, Mr. Hazlett did not receive a collection letter from Gutman

13

before it commenced the lawsuit. (Am. Compl. ¶ 24.) If this is taken as true, it means that all communications – initial and subsequent – occurred after the lawsuit commenced; and such communications, including Gutman's discovery letter, did not contain the required disclosures. (*See* Rahman Aff., Ex. B.) Thus the Plaintiff has sufficiently set forth a violation of Section 1692e(11) of the FDCPA.

### b. Gutman's Baseless and Prolonged Litigation Violated Section 1692f of the FDCPA

Section 1692f of the FDCPA prohibits debt collectors from engaging in an unfair or unconscionable means to collect a debt. 15 U.S.C. § 1692f. Section 1692f of the FDCPA sets out a non-exhaustive list of prohibited conduct. *See id.* §§ 1692f(1)-(6). The list includes Section 1692f(1), which prohibits the "collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law." *Id.* § 1692f(1). Conduct alleged to run afoul of these sections has been asserted by the Plaintiff. (*See* Am. Compl. ¶¶ 49-50.)

In this circuit, unfair and unconscionable litigation conduct is actionable under Section 1692f of the FDCPA. *See Iacovo*, 2025 WL 1135471, at *10; *Villalba & Houslanger & Assoc., PLLC*, No. 19-cv-04270, 2022 WL 900538, at *6 (E.D.N.Y. Mar. 28, 2022); *Arias*, 875 F.3d at 138. A debt collector engages in unfair and unconscionable litigation conduct when it "unduly prolongs legal proceedings or requires a consumer to appear at an unnecessary hearing." *Arias*, 875 F.3d at 138. Such unconscionable conduct also includes the debt collector's proceeding with a lawsuit when it has documentary proof that there is no basis to pursue the claim. *Remler v. Cona Elder L., PLLC*, No. 21CV5176ARRLB, 2022 WL 4586243, at *5 (E.D.N.Y. Sept. 29, 2022) (holding that proceeding on a collection action while in possession of notices of

14

overbilling and other discrepancies, if true, violates Section 1692f); *Iacovo*, 2025 WL 1135471, at *10 (holding that a plausible violation of 1692f existed where the collector refused to dismiss an action despite having documentary proof that the debt was not owed).

In the case here, Gutman engaged in unconscionable litigation conduct under Section 1692f by prolonging an action for more than a year even though it was in possession of exculpatory information. Gutman also engaged in unconscionable litigation conduct prohibited by Section 1692f(1) by attempting to collect an amount – related to an illegal apartment – that was not permitted by law or an agreement. (*See* Am. Compl. ¶¶ 14-16, 23-31, 50; *see also*, N.Y. Mult. Dwell. Law §§ 301, 302.) For these reasons, the Plaintiff's actionable claims under Sections 1692f and 1692f(1) should not be dismissed.

### c. Gutman's Litigation Conduct Violated Section 1692d of the FDCPA as it was Abusive

Section 1692d of the FDCPA states that "[a] debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt." Courts have held that certain types of harassing and abusive conduct occurring during litigation violates this section. *See Curto v. Palisades Collection, LLC*, No. 07-CV-529 S, 2011 WL 5196708, at *6 (W.D.N.Y. Oct. 31, 2011) (where the court held that successive filings of lawsuits plausibly violated § 1692d of the FDCPA if their natural consequence is to harass, oppress, or abuse the consumer in connection with a debt); *Sykes*, 757 F. Supp. 2d 413 at 431 (where FDCPA claims under 1692d for sewer service were sustained); *Castillo v. Balsamo Rosenblatt & Cohen, PC*, 930 N.Y.S.2d 789, 796 (Civ. Ct., Kings Cty, June 30, 2011) (holding that threating a party with sanctions and fees during litigation may constitute a violation of 1682d).

In the case here, Gutman's conduct is severe enough to be considered harassing, oppressing, and abusive under Section 1692d of the FDCPA.  Gutman filed a meritless action and forced Mr. Hazlett to appear at four conferences and endure more than a year of litigation. (Am. Compl. ¶ 29.) Gutman did this while being in possession, since February of 2024, of documents establishing the purported "complete 'legal' defense" of Mr. Hazlett.  Such conduct falls within the ambit Section 1692d of the FDCPA and this claim should not be dismissed.

### c.  Gutman Violated Section 1692g of the FDCPA by Failing to Disclose Rights

Section 1692g of the FDPCA states that within five days of an initial communication with a consumer in connection with the collection of any date, the debt collector must send the consumer a written validation notice setting forth,  among other things, the consumer's right to dispute the debt.  See 15 U.S.C. § 1692g(a). The consumer has thirty days from receipt of the validation notice to send the debt collector a notification disputing the debt. See *Id.* §§ 1692g(a), (b). Unless the consumer disputes the debt, the debt collector is generally free to continue its collection activities and to communicate with the consumer during the thirty-day "validation period." *See Id.* § 1692g(b); *Jacobson v. Healthcare Fin. Servs., Inc.*, 516 F.3d 85, 89 (2d Cir.2008).

As alleged, the Plaintiff did not receive a collection letter from Gutman before the action was commenced.  (Am. Compl. ¶¶ 24, 51.)  Thus there was no document apprising him of his rights before he received communications from Gutman during the lawsuit.  If this case proceeds, facts regarding communications will be elucidated in discovery.  However, at the present stage, the Court should take the Mr. Hazlett's representations as true and deem that a plausible violation of Section 1692g of the FDCPA has been stated.

### III    AS AN ALTERNATIVE TO DISMISSAL, HAZLETT SHOULD BE GRANTED LEAVE TO AMEND THE COMPLAINT

If the Court deems that certain claims, as presented, warrant dismissal for not being sufficiently stated, Mr. Hazlett should be given an opportunity to amend his complaint as an alternative to a full dismissal.  Federal Rule of Civil Procedure 15(a) provides that "a party may amend the party's pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires." Fed.R.Civ.P. 15(a).  The decision to grant or deny leave to amend lies within the sound discretion of the district court. *Foman v. Davis*, 371 U.S. 178, 182 (1962); *Northern Assurance Co. of America v. Square D Co.*, 201 F.3d 84, 87 (2d Cir. 2000).  "In the absence of any apparent or declared reason - such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment, etc. - the leave sought should, as the rules require, be freely given." *Foman*, 371 U.S. at 182.

In the present case, leave to amend the complaint should be given as there is a complete absence of undue delay, bad faith, or a dilatory motive.  This action has essentially just started; there has been no discovery, and there have been no prior motions to amend.  The Plaintiff has amended once as of right but there have been no amendments after that.

### CONCLUSION

For the foregoing reasons, the Court should deny the Defendant's motion or alternatively allow the Plaintiff leave to amend his complaint.

Dated: July 23, 2025                                        Respectfully submitted,

Hashim Rahman, Esq.
*Attorney for the Plaintiff*