RIVKIN RADLER LLP
ATTORNEYS AT LAW

WILLIAM SCHLEIFER
COUNSEL
(516) 357-3211
william.schleifer@rivkin.com

MEMO ENDORSED

WWW.RIVKINRADLER.COM

926 RXR Plaza
Uniondale, NY 11556-0926
T 516.357.3000 F 516.357.3333

September 23, 2026

**VIA ECF**
Hon. Gary Stein
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

Re: Status Letter
*Hazlett v. Gutman, Mintz, Baker & Sonnenfeldt, LLP, et al.*
Case No. 1:25-cv-01558-GS

Dear Magistrate Judge Stein:

We represent Defendant Gutman, Mintz, Baker & Sonnenfeldt, LLP ("Gutman") in the above-referenced action. Please accept this letter as Gutman's request that the Court enter a limited stay of deposition discovery until Gutman's pending motion to dismiss is decided.

The parties have conferred in good faith on this issue, including on August 27, August 31, September 16, and September 22, 2026. Despite those discussions, the parties remain unable to resolve their disagreement regarding depositions. In the alternative, Gutman respectfully requests a pre-motion conference so the parties may address this issue with the Court.

Pursuant to the Court's scheduling order dated September 1, 2026, deposition discovery is scheduled to begin on or before September 30, 2026, and fact discovery is to be completed on or before December 17, 2026. Gutman does not believe that a brief, limited stay of depositions will affect the parties' ability to complete fact discovery by the deadlines set by the Court.

This matter arises from Gutman's efforts on behalf of its then client, co-defendant 101 Quincy LLC, to secure a money judgment concerning alleged unpaid rent against Plaintiff John Hazlett. Plaintiff alleges that by filing a lawsuit on behalf of its client to recover rental arrears that its landlord client claimed Plaintiff owed, Gutman's violated the Fair Debt Collection Practices Act ("FDCPA") and New York General Business Law ("GBL") § 349.

On May 14, 2025, Gutman moved to dismiss the Amended Complaint pursuant to Rule 12(b)(6). (Dkt. No. 16). The motion has been fully briefed and remains pending. Since the motion was filed, the case has been transferred from Judge Rearden to Your Honor, and the parties have attempted to resolve the matter, including by scheduling and attending mediation on August 25, 2026.

RIVKIN RADLER LLP
ATTORNEYS AT LAW

It is respectfully submitted that the Court should enter a limited stay of deposition discovery until Gutman's pending motion to dismiss is decided. The requested relief is narrow: Gutman does not seek to halt all discovery, but only to defer the most burdensome and expensive form of discovery—depositions—until the pleadings motion clarifies which claims, parties, and issues, if any, will remain for discovery. The parties have already engaged in and completed extensive documentary discovery. In addition, Gutman respectfully submits that its motion is likely meritorious and that no party will be prejudiced by a short, targeted delay of depositions.

**ARGUMENT**

Courts in this Circuit recognize that a discovery stay may be appropriate for good cause while a dispositive motion is pending, although such relief is not automatic. Relevant considerations include whether the motion is potentially dispositive, whether the requested stay is limited in duration and scope, the burden imposed by the discovery sought, and whether the non-moving party will suffer unfair prejudice. See, e.g., *Spencer Trask Software & Info. Servs., LLC v. RPost Int'l Ltd.*, 206 F.R.D. 367, 368 (S.D.N.Y. 2002); *Short v. City of Rochester*, 747 F. Supp. 3d 594, 598–600 (W.D.N.Y. 2024). Those factors support a limited stay here.

First, Gutman respectfully submits that its motion to dismiss is likely to be granted. Gutman filed the rent-collection action as counsel for 101 Quincy LLC based on client records, including the lease, rental application, and affidavit of amount due. When Plaintiff raised a defense in the underlying action based upon a purported Department of Buildings violation, Gutman investigated, consulted with its client, evaluated the legal and economic risks, and recommended discontinuance with prejudice. That sequence reflects reasonable litigation conduct by counsel, not fraudulent, deceptive or abusive conduct prohibited by either the FDCPA or GBL.

If Gutman's motion is granted in full, the motion would obviate the need for depositions entirely; if granted in part, it would at minimum narrow the subjects on which witnesses may properly be examined. Courts have granted stays where a dispositive motion could eliminate or substantially reduce the need for discovery, particularly where the stay is temporary and targeted. *See*, *Spencer Trask*, 206 F.R.D. at 368; *Short*, 747 F. Supp. 3d at 599–600.

Moreover, it must be noted that with the motion pending, Gutman has not even answered the Complaint at this time. If depositions proceed before Gutman is required to file its Answer because its motion is not granted in full, its answers to specific allegations and Affirmative Defenses raised may require a second round of party and/or non-party depositions.

Second, the requested stay is limited in scope, and depositions are uniquely burdensome. They require witness preparation, attorney preparation, scheduling, transcript costs, and, often, follow-up discovery. Courts have recognized that deposition discovery can impose substantial work and expense and may appropriately be deferred pending resolution of a motion to dismiss where the ruling may substantially narrow or eliminate the need for testimony. *See, Combs v. Burgess*, No.

25 Civ. 650 (JPC), 2026 WL 205571, at *2 (S.D.N.Y. Jan. 27, 2026). A limited deposition stay would therefore preserve party and judicial resources without foreclosing discovery altogether.

Third, a short stay would not unfairly prejudice the opposing party. Although a stay would delay the date on which depositions are taken, it should not delay the current deadlines for fact discovery or expert discovery. Courts have recognized that delay alone is generally insufficient to defeat a limited stay where the stay is temporary, targeted, and tied to a pending dispositive motion. *See*, *Short*, 747 F. Supp. 3d at 602. Any marginal delay is outweighed by the risk that the parties will incur substantial deposition-related expenses on claims or issues that may not survive Gutman's motion.

Nor would a deposition stay conflict with the principle that discovery should not be stayed merely because a motion to dismiss has been filed. The requested stay is not a categorical suspension of all discovery; it is a practical, limited measure directed only to depositions, consistent with decisions denying a complete stay while staying deposition discovery pending resolution of a motion to dismiss. *See*, *Combs*, 2026 WL 205571, at *2.

Accordingly, Gutman respectfully requests that the Court stay depositions until the motion to dismiss is decided, without prejudice to the parties conferring promptly after the Court's ruling regarding any depositions that remain necessary.

Respectfully submitted,

/s/ *William Schleifer*
William Schleifer, Esq.
Rivkin Radler LLP
926 RXR Plaza
Uniondale, NY 11556
(516) 357-3000
William.Schleifer@rivkin.com
*Attorneys for Defendants*

4910-0311-1122, v. 1

Application denied as moot. The Court recently issued its opinion and order on Defendant's motion to dismiss (Dkt. No. 74), alleviating Defendant's concerns. Defendant's motion is denied without prejudice to renewal, should Plaintiff's amended complaint, if any, require a stay of depositions. SO ORDERED.

Date: October 1, 2026

**Gary Stein**
**United States Magistrate Judge**
**Southern District of New York**